UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE,<br>          Appellant, | DOCKET NUMBER<br>DC-0752-13-0384-A-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>          Agency. | DATE: April 21, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the addendum initial decision. However, we MODIFY the initial decision to apply the proper standard for evaluating whether the appellant is entitled to an award of attorney fees, still finding that he is not entitled to such an award, and to provide the appellant with mixed-case appeal rights. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 25 (2015).

¶2      The appellant was terminated from his position as a GS-12 Grants Management Specialist in which he served under a term appointment. On appeal, the parties reached an agreement pursuant to which, inter alia, the agency agreed to reinstate the appellant, and the appeal was dismissed as settled.[2] *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0752-13-0384-I-1, Initial Decision at 2 (Apr. 13, 2013). Subsequently, the appellant, represented by counsel, filed a petition for enforcement (PFE) of the settlement agreement. After receiving the agency's response to the PFE, the administrative judge informed the appellant that it appeared the matters he had raised were moot, but she afforded him an additional opportunity to explain why he believed any other matters remained unresolved. In response, the appellant argued that he was owed $3,030.72 in interest on the back pay amount he had received, and that he should have been promoted to a GS-13. The agency explained and provided evidence to

---

[2] The appellant appeared pro se before the Board in this addendum matter.

show that it had computed that the appellant was entitled to $205.36 in interest and had paid him that amount. In denying the PFE, the administrative judge agreed with the agency's interest calculations and further found that the appellant had failed to support his claim that he was entitled to be promoted to a higher grade. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-0752-13-0384-C-1, Initial Decision at 1-8 (Mar. 28, 2014). That decision became the Board's final decision when neither party filed a petition for review.

¶3      The appellant then timely filed a pro se petition for attorney fees. Attorney Fees Initial Appeal File (AFIAF), Tab 1. He argued that fees were warranted in the interest of justice because the agency knew or should have known that it would not prevail on the merits concerning his assignment upon being reinstated.[3] *Id.* at 11-12. The appellant's attorney filed a "Memorandum in Support for Amended Motion for Counsel Fees" in which he argued that the agency had failed to timely demonstrate its full compliance with the settlement agreement, *id.*, Tab 3 at 2-4, and that the appellant should be considered a prevailing party because "the Agency did not feel compelled to comply with the settlement agreement until after the Appellant hired counsel to file a petition for enforcement," *id.* at 9. The appellant's attorney further argued that fees were warranted in the interest of justice, *id.* at 9-10, and that the fees he sought were reasonable, *id.* at 1, 10-11. In a subsequent pleading, the appellant again challenged the agency's compliance with the settlement agreement, *id.*, Tab 4

---

[3] The appellant also argued that the agency was not in compliance with the settlement agreement as to other matters, AFIAF, Tab 1 at 4-10, most of which, it appears, were raised in his PFE but apparently not adjudicated to his satisfaction. Under these circumstances, the appellant's proper course of action would have been to file a petition for review of the compliance initial decision, but he failed to do so. To the extent there are other matters of alleged noncompliance that the appellant did not raise in his PFE, he may raise them in a new PFE to be filed with the regional office. We make no finding as to the timeliness of any such PFE. *See Phillips v. Department of Homeland Security*, 118 M.S.P.R. 515, ¶ 11 (2012) (a PFE alleging breach of a settlement agreement must be filed within a reasonable amount of time of the date the petitioning party becomes aware of the breach).

at 1-2, repeating his attorney's claim that the agency only complied with the administrative judge's order because the appellant filed a PFE, *id.* at 4.

¶4 In her addendum initial decision (AID), the administrative judge found that the appellant was not a prevailing party in connection with his PFE. *Id.*, Tab 5, AID at 4. Accordingly, she denied his motion for attorney fees. AID at 1, 4.

¶5 The appellant has filed a petition for review,[4] Petition for Review (PFR) File, Tab 1, and a supplement, *id.*, Tab 2. The agency has filed a response, *id.*, Tab 4, to which the appellant has replied, *id.*, Tab 5.

¶6 On review, the appellant challenges certain of the administrative judge's findings, PFR File, Tab 1 at 7-20, but he does not specifically dispute the administrative judge's finding that he was not a prevailing party in his PFE and therefore is not entitled to attorney fees,[5] *id.*, Tabs 1-2, 5.

¶7 In finding that the appellant was not a prevailing party and therefore not entitled to an award of attorney fees, the administrative judge relied upon the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). There, the Court interpreted the "prevailing party" standard contained in the attorney

---

[4] The appellant appears pro se on petition for review.

[5] With his petition for review, the appellant has submitted portions of several affidavits that were prepared in connection with an equal employment opportunity complaint he filed, PFR File, Tab 1 at 24-27, 30-34, 48-50, discovery documents from one of several appeals he filed from the agency's denial of his within-grade increase, *id.* at 36-38, a position description for his position at the GS-13 level, *id.* at 41-46, and a September 30, 2014 Office of Inspector General (OIG) report, *id.* at 54-118. These documents are neither new nor material and we have therefore not considered them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant also alleges that he disclosed wrongdoing to the OIG by an individual involved in his termination who then retaliated against him. PFR File, Tab 2. We are aware that the appellant has filed an individual right of action (IRA) appeal against the agency that is pending in the Board's Washington Regional Office. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-14-0911-W-1. If this current claim is not included in the pending IRA appeal, and if the appellant wishes to pursue it before the Board, he must first file a complaint with the Office of Special Counsel.

fees provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990 to allow an award of fees only when a party has been awarded some relief by the court. *Buckhannon*, 532 U.S. at 601, 604. The Court stated, "[E]nforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties' necessary to permit an award of attorney fees." *Id.* (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989)). The Court specifically rejected the "catalyst theory," whereby a party could be found to have prevailed based on the opposing party's voluntary change of conduct after the filing of a lawsuit, as a viable basis to award attorney fees. *Buckhannon*, 532 U.S. at 605.

¶8      However, noting that *Buckhannon* involved a request for attorney fees relating to the merits phase, the Board in *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶¶ 11, 13 (2008), considered whether the same "prevailing party" standard should apply equally to an award of attorney fees relating to the compliance phase of a Board appeal where the appellant's efforts do not result in an enforceable order or a Board-approved settlement. The Board concluded that its oversight of the parties' compliance efforts provides the PFE process with sufficient Board imprimatur to allow an appellant to qualify as a "prevailing party" under 5 U.S.C. § 7701(g) even in the absence of a Board order finding the agency in noncompliance or an agreement executed by the parties to settle compliance matters. *Mynard*, 108 M.S.P.R. 58, ¶ 17.

¶9      To show that he is the prevailing party in the compliance phase of the proceedings, an appellant must establish, among other things, that the agency materially breached the Board's enforceable order or settlement agreement at issue. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010). A material breach is one that relates to a matter of vital importance and goes to the essence of the contract. *Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 10 (2010). In cases where the agency complies with the settlement

agreement during the pendency of the PFE, the appellant is not required to establish that the agency's eventual compliance was causally related to his PFE in order to establish that he is the prevailing party. *Shelton*, 115 M.S.P.R. 177, ¶ 12. Although the appellant bears the ultimate burden of proving the agency's noncompliance, the agency bears the burden of producing relevant, material, and credible evidence of its compliance. *Id.*

¶10      On review, the appellant states that he "do[es] not wish to revisit the back pay issue." PFR File, Tab 1 at 7. We construe this statement to mean that the appellant does not now allege that the agency materially breached the agreement regarding the back pay he received, including the interest. He does, however, claim that the agency breached the agreement by not granting him his "Time-in-Grade" promotion to GS-13, arguing that, because he has completed 52 weeks at GS-12, step 2, he should have advanced to GS-13. *Id.*, Tab 5. In support of his claim, he cites to 5 C.F.R. § 300.604 for the proposition that time in grade is a requirement for a specified amount of time that employees must spend in a grade before they are eligible for promotion. PFR File, Tab 1 at 8. The appellant's reliance is misplaced. Eligibility for promotion is not the same as entitlement to promotion. The appellant has not shown that the settlement agreement which required the agency to reinstate him to his position at GS-12, step 1, otherwise entitled him to be promoted to GS-13. *Cf. Thomas v. U.S. Postal Service*, 73 M.S.P.R. 120, 126 (1997) (when the Board reverses an appealable action, an employee is entitled to a promotion in a compliance proceeding only when some provision of law mandates it or he establishes that he would, in fact, have been promoted).

¶11      Similarly, the appellant challenges the administrative judge's statement that, although the appellant had initially argued in his PFE that the agency placed him under a different supervisor upon his reinstatement, during the pendency of the PFE, when the appellant indicated that he did not want a change of supervisor, it took action to place him under his original supervisor (noting that the appellant

had remained at all times in the same position with the same position description). AID at 3 n.1. The appellant asserts that, for a period of time after he was reinstated, he did not perform duties related to the processing of grants. He has not shown, however, that the settlement agreement requiring the agency to reinstate him precluded the agency from temporarily modifying his duties.

¶12		Because the appellant failed to show that the agency materially breached the settlement agreement by failing to promote him to GS-13 or by temporarily modifying his duties, he has not shown that he is the prevailing party in the compliance proceeding for purposes of being entitled to attorney fees. *See Shelton*, 115 M.S.P.R. 177, ¶ 12. To the extent the administrative judge erred in her analysis of this issue, she reached the right result and therefore any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.